UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JASON BAEZ DC# 169800
     Plaintiff,

V.                           Case No.: 3:25-cv-00788-WWB-MCR


JASON HOWELL, J. Camacho
R. R. RATLIFF, W. B. Boone, A. McDonald
J. G. MANNING, J. C. FINNEY, T. A. FORTESECUE,
D. DUCKWILER
     Defendant (s),
_____/

     Jury Trial Requested

                             ☑ Yes

## FIRST AMENDED COMPLAINT

LEGAL MAIL PROVIDED

OCT 16 2025

TO WAKULLA CI FOR MAILING

1

## I.  PARTIES TO THIS COMPLAINT

A. Plaintiff
Plaintiff Name: Jason Baez  ID Number: 169800
List all other names by which you have been known: Jason Flores
Current Institution: Wakulla Correctional Institution
Address: 110 Melaleuca Drive, Crawfordville, FL 32327

B.  Defendant(s)
1.  Defendant's name: Jason Howell
Official position: Registered Nurse
Employed at: Centurion/Suwannee Correctional Institution
Mailing address: 5964 U. S. Highway 90, Live Oak, Fl 32060
☑ Sued in Official Capacity      ☑ Sued in Individual Capacity

2.  Defendant's name: Jesus Camacho
Official position: Captain
Employed at: Suwannee Correctional Institution
Mailing address: 5964 U. S. Highway 90, Live Oak, Fl 32060
☑ Sued in Official Capacity      ☑ Sued in Individual Capacity
3.  Defendant's name: Regina R. Ratliff
Official position: Captain
Employed at: Suwannee Correctional Institution
Mailing address: 5964 U. S. Highway 90, Live Oak, Fl 32060
☑ Sued in Official Capacity      ☑ Sued in Individual Capacity

4.  Defendant's name: William B. Boone
Official position: Lt. Supervisor
Employed at: Suwannee Correctional Institution
Mailing address: 5964 U. S. Highway 90, Live Oak, Fl 32060
☑ Sued in Official Capacity      ☑ Sued in Individual Capacity

5.  Defendant's name: Alton McDonald
Official position: Lt. Supervisor
Employed at: Suwannee Correctional Institution
Mailing address: 5964 U. S. Highway 90, Live Oak, Fl 32060
☑ Sued in Official Capacity      ☑ Sued in Individual Capacity

6. Defendant's name: Joseph Finney
Official position: Correction's Officer
Employed at: Suwannee Correctional Institution
Mailing address: 5964 U. S. Highway 90, Live Oak, Fl 32060
☑ Sued in Official Capacity    ☑ Sued in Individual Capacity

7. Defendant's name: Jacob G. Manning
Official position: Correction's Officer
Employed at: Suwannee Correctional Institution
Mailing address: 5964 U. S. Highway 90, Live Oak, Fl 32060
☑ Sued in Official Capacity    ☑ Sued in Individual Capacity

8. Defendant's name: Thomas A. Fortesecue
Official position: Correction's Officer
Employed at: Suwannee Correctional Institution
Mailing address: 5964 U. S. Highway 90, Live Oak, Fl 32060
☑ Sued in Official Capacity    ☑ Sued in Individual Capacity

9. Defendant's name: David Duckwiler
Official position: Lt. Supervisor
Employed at: Suwannee Correctional Institution
Mailing address: 5964 U. S. Highway 90, Live Oak, Fl 32060
☑ Sued in Official Capacity    ☑ Sued in Individual Capacity

## VERIFIED COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF WITH DEMANDS FOR JURY TRIAL

Introduction:

This is a civil rights action filed by Jason Baez, a state prisoner, for injunctive relief & damages under 42 U. S. C. §1983 alleging excessive use of force, racial discrimination, sexual harassment, denial of medical care in violation of the Eighth Amendment to the United States Constitution along with deliberate indifference. The Plaintiff also alleges the torts of assault & Battery & Negligence.

II. Jurisdiction:

1. The court has jurisdiction over the Plaintiff's claims of violation of federal constitutional rights under 42 U. S. C. §§1331 (1) and 1343.

2. The court has supplemental jurisdiction over the Plaintiff's state tort claims under 28 U. S. C. §1367.

☒ Plaintiff is a convicted state prisoner.

### III.      Parties and prisoner status

3. All the Defendants have acted, and continued to act, under color of state law at all times relevant to this complaint.

### IV.      Facts.

4. On August 14, 2022 the Plaintiff was escorted to Suwannee Correctional Annex P-Dorm which is confinement by Defendant Boone, whom worked 4 pm-12 am shift.

5. On the way to confinement Plaintiff asked the Defendant Boone if we can bypass medical pre-confinement assessment in order to be able to use the restroom and drink some water as soon as we arrive to p-dorm at which Boone agreed.

4

6. When Plaintiff arrived at P-Dorm Defendant Boone placed the Plaintiff inside a holding cell and denied him to use the restroom.

7. Plaintiff couldn't hold his self from urinating so he urinated on the clothes he was wearing.

8. The Plaintiff got urine on the floor and Defendant Boone got angry.

Racial Discrimination

9. Defendant Boone called the Plaintiff "you dirty spic," and Defendant Boone is a white male Caucasian where the Plaintiff is a Hispanic male.

Sexual Abuse/Harassment

10.     Defendant Bonne kept arguing and threatening the Plaintiff to where Sgt. Boone went inside his office and began making lewd and lascivious gestures at the Plaintiff with his hands as if he was masturbating at Plaintiff.

11.     Another Defendant named Joseph C. Finney entered inside P-Dorm cell front and began disrespecting the Plaintiff with homosexual sayings and stepped into the hallway laundry room and pulled his penis and began to stroke it in a back and forth motion.

Failure to Act

12.     As soon as Defendant Camacho arrived to P-Dorm the Plaintiff explained what transpired and Camacho did not want to address my (P.R.E.A.- prison rape elimination act allegation) which is Plaintiff's right especially being a registered transgender at the time.

13.    The Plaintiff was asked to submit to hand restraints at which time the Plaintiff advised the Defendant Captain Camacho that as soon as he allows the Plaintiff the right to report these sexual harassments and lewd & lascivious acts by his subordinate officers. Instead Captain Camacho refused to do his duty by allowing the Plaintiff to report these serious violations.

14.    Defendant Ratliff came into P-Dorm trying to get Plaintiff to cuff up and when Plaintiff tried explaining his allegations of the serious misconduct, she also refused to do her duty.

Threats of Harm

15.    Defendant Camacho got angry and threatened "to beat my ass" & "gas me," meaning he'd use chemical agents on the Plaintiff.

16.    The Plaintiff is a disabled prisoner with only one eye, and also a seizure patient on Kepra medications with multiple mental health disorders.

17.    Defendants Camacho and Ratliff used 3 big canisters of chemical agents on the Plaintiff while totally defenseless in a small holding cell.

18.    Defendant Camacho carried out his threat "to gas me" and ordered a five man cell extraction riot team, with helmets, padded elbows, knees, vests, boots, with a huge shield to enter the Plaintiff's cell and use excessive force by ramming the Plaintiff's head against the wall and bench as well as stomping both of Plaintiff's feet.

6

Misuse of Force

19.      Defendant Camacho gave the order for the extraction team to be formed allowing defendant Boone to open the holding cell door and watched team members enter and misuse force on Plaintiff.

20.      Defendant McDonald was the shield man whom earlier threatened to use a stun gun (taser) Plaintiff and also lost the Plaintiff's personal property on purpose that same night.

21.      Defendants Camacho and Ratliff both allowed defendant Finney to participate as the third cell team member after the Plaintiff reported sexual misconduct against Defendant Finney which was a violation.

22.      Defendant McDonald hit the Plaintiff with the shield so hard the Plaintiff saw stars and felt like his shoulder broke.

23.      Defendant Camacho begins screaming "stop resisting" which is the signal letting team members know the camera is blocked and unable to see clearly into the cell.

24.      Defendants McDonald, Manning and Finney then began to punch, kick, elbow the Plaintiff all over while also slamming his head against the walls while stomping on the Plaintiff's feet causing the lost of three (3) toenails.

25.      Defendant's McDonald, Manning and Finney rammed the Plaintiff's head against the walls and metal bench numerous times causing 4 big deep different lacerations to the back of Plaintiff's head which needed stitches and immediate medical attention, but to no avail.

26.      Defendant's Camacho, Ratliff, Fortesecue and Duckwiler stood by and watched this beating and did nothing to stop this brutal assault.

27.      Once these Defendants placed restraints on the Plaintiff Defendant Camacho ordered someone to place a tight spit shield over Plaintiff's head to hide

the injuries from possible eyewitnesses which is routine whenever excessive force is used.

28.    The Plaintiff complied with all following orders and escorted to wing #2 for a decontamination shower which defendants never planned to allow him to take on his own free will.

Denial of Decontamination Shower

29.    Both Defendant's Camacho and Ratliff denied the Plaintiff a decontamination shower after just using 3 big canisters of chemical agents on the Plaintiff in fear that the Plaintiff would become disorderly once the restraints were removed and made up an excuse to deny a decontamination shower.

Water Board (Cruel and Unusual Punishment)

30.    Defendant's Camacho and Ratliff ordered Manning and Fortesecue to pour water over plaintiff's head with a hose while Plaintiff was cuffed and wearing a tight spit shield, blinded in pain and unable to breathe in fear for his life chocking from the gas all over his head and face and eyes, thus destroying my personal clothing torturing the Plaintiff and denying him a policy and procedure shower while Plaintiff was following all orders and not resisting.

31.    Both Defendants Camacho and Ratliff ordered team members to cut off all of the Plaintiff's brand new personal clothing including throwing out his brand new shoes right in front of male and female officers as well as in front of the inmate wing population for all to see the Plaintiff "butt naked" knowing that the Plaintiff was a registered transgender with a pass to be pat frisked by female

officers only and shower alone which was in fact authorized by the warden and classification.

32.     The Defendant Nurse Howell allowed security to commit these violations and did nothing to intervene which is clearly a violation of privacy.

Denial of Medical Care.

33.     Defendant Howell ordered security to spin Plaintiff around "butt naked" on the hand held camera in front of the whole wing #2 inmate population, male and female officers to view him violating his right to privacy which should have been done in medical per policy and allowing the Plaintiff to be recorded "butt naked" on video footage without ever giving security and defendants any instructions to remove the spit shield which was clearly drenched in blood and didn't log down any of the Plaintiff's injuries until the following day where he had to be taken to the infirmary for medical attention and evaluation where it was then logged down for injuries which still weren't all logged down. The Plaintiff suffered contusions to the face and eyes, bruises all over the body from head to toes, 4 deep lacerations to the back of the head which needed to be stitched, bloodied nose, lips, injured shoulder, and the loss of 3 toenails which was very painful.

34.     The Plaintiff was then escorted to wing #1 where he was placed inside of an empty cell without anything to cover up with left cold and bleeding profusively all night to the point of unconsciousness two times from loss of blood.

35.     The Plaintiff lost so much blood that the midnight shift officers placed sandbags in front of his cell trying to stop the blood from leaking under the cell door for the camera to view the mess leaving him for dead.

36.     Defendant Howell was supposed to have security bring me to medical as procedure for privacy and a post use of force assessment which he clearly failed

to do in order to log down all injuries, call the provider for further and immediate medical treatment and have my head wounds sutured, but to no avail leaving me in terrible pain and anguish with any pain medication whatsoever.

37.    The Plaintiff notified the 12 am-8 am shift officers that he needed medical attention due to his injuries which would not stop bleeding and defendant nurse Howell denied the Plaintiff any medical care but instead left him to bleed out to the point of going unconscious twice during the night waking in a pool of blood in a cold cell without a suicide blanket to cover up with which is policy.

38.    The Plaintiff was denied his breakfast meal by 12 am-8 am shift officials whom were all nasty toward the plaintiff as well as the 8 am-4 pm shift officials Batton and Sgt. Whom also denied him lunch as retaliation for reporting staff abuse.

39.    Plaintiff was taken to the infirmary the following day of August 15, 2022 where he was seen by medical whom advised the Plaintiff that sutures could not be applied to the serious injuries and lacerations to the back of the head due to medical waiting longer than 4 hours, therefore causing them to heal on their own leaving huge ugly scars on the back of Plaintiff's head.

40.    While in the infirmary for 9 days the Plaintiff lost three (3) toenails from the excessive force which caused excruciating pain from feet being stomped.

41.    On August 25, 2022 Plaintiff was seen by medical at Lake Correctional Institution mental health hospital where nursing staff reported and documented his injuries.

42.    While at Lake C. I. Plaintiff reported his injuries to medical and security whom documented all injuries, took photos of his injuries and allowed the Plaintiff to report sexual; abuse and speak to the inspector general.

V.      Statement of Claim

43.    The actions of Defendants Camacho and Ratliff and failing to act or intervene while allowing their subordinate officers to use excessive use of force without the need or provocation when observing the Plaintiff's head being rammed against the wall and steel bench was malicious and sadistic and constituted cruel and unusual punishment in violation of the Eight Amendment of the United States.

44.    The actions of defendants Camacho and Ratliff in failure to allow the Plaintiff his right to report staff abuse and sexual harassment P.R.E.A. allegations is an act of cruel and unusual punishment as well as deliberate indifference which were done maliciously and sadistically and constituted in violation of the Eighth Amendment of the United States Constitution.

45.    The threat of physical violence from Defendant Camacho threatening to "beat the Plaintiff's ass" if the Plaintiff did not submit to hand restraints, then allowing defendant Finney to be an extraction team member after knowingly being advised by the Plaintiff of how officer Finney just physically exposed his penis and masturbated to the Plaintiff and allowing officer Finney to use excessive force on the Plaintiff without need or provocation nor intervening to prevent physical harm were done with malicious and sadistic intent deliberately to Plaintiff's well being constituted cruel and unusual punishment in violation of the Eight Amendment of the United States Constitution.

46.    The actions of Defendants Camacho and Ratliff in not allowing the Plaintiff the right to a decontamination shower once in compliance and following all orders after being sprayed with three (3) big cans of chemical agents but instead giving their subordinate officers the orders to water board the Plaintiff while the Plaintiff had his head covered with a tight spit shield and by the officers using a water hose to pour water over the Plaintiff's head whom is an American with

Disabilities Act prisoner who is permanently blind in one eye and allowing the chemical to get all over the face, eyes, mouth and body unable to breathe and suffocating as a form of torture while fully clothed were done maliciously with sadistic intent which constituted cruel and unusual punishment in violation of the Eight Amendment of the United States Constitution.

47.    As a result of Defendants Camacho and Ratliff's failure to protect the Plaintiff was viciously assaulted and received serious physical and emotional injuries.

48.    By Defendants Camacho and Ratliff's knowledge of Plaintiff being a registered transgender with a pass to have female pat frisk searches and shower alone which was authorized by classification and the warden and having the Plaintiff's clothing cut off in front of their entire inmate wing population and officers both male and female being "butt naked" was humiliating and done maliciously with sadistic intent and constituted deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

49.    The actions of Defendants Boone and Finney for making lewd and or lascivious gestures by acting as if masturbating to Plaintiff, and actually committing a lewd and lascivious act by exposing his (Finney) penis and stroking it at the Plaintiff were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the United States Constitution.

50.    As a result of Defendants Boone and Finney's act of sexual assault and abuse Plaintiff was viciously assaulted and received serious physical injuries and emotional damaged injuries for reporting their inhumane and horrendous acts.

51.    The actions of Defendant's McDonald, Finney, Manning, Fortesecue and Duckwiler in using excessive physical force against the Plaintiff without need or provocation, or failing to intervene to prevent the misuse of force were done

maliciously and sadistically and constituted cruel and unusual punishment in violation of the United States Constitution.

52.    The actions of Defendants McDonald, Finney, Manning, Fortesecue and Duckwiler in using excessive force against the Plaintiff without need or provocation constituted the tort of assault and battery under the law of Florida State.

Deliberate Indifference to Medical Needs

53.    The refusal of Defendant Howell to authorize security to remove the Plaintiff's spit shield when Howell clearly seen the blood soaked spit shield to see where all of the blood was coming from and for also denying to do his thorough duty to medically access and provide the Plaintiff with adequate medical care and log down all of Plaintiff's injuries were done maliciously and sadistically which constituted cruel and unusual punishment and deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

54.    As a result of Defendant Howell's failure to provide needed medical treatment, Plaintiff suffered further injury and physical and emotional pain and injury by having to get mental health evaluations.

VI.    RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.    Issue declaratory judgment stating that:

1. The racial harassment and sexual harassment as well as the physical and emotional abuse of the Plaintiff by Defendant's Boone and Finney violated the Plaintiff's rights under the eighth Amendment to the United States Constitution.

2. Defendant's Camacho and Ratliff's direct threats of harm, failure to take action to curb Defendant's Finney, McDonald, Manning, Fortesecue and Duckwiler from using force on Plaintiff after Plaintiff reports staff abuse from officer Finney lewd and lascivious act and allowing Finney to be on the extraction team where the Plaintiff suffered serious physical and emotional abuse and injuries violated the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

3. Defendant's Camacho and Ratliff's direct actions with denying the Plaintiff his right to report a P.R.E.A. allegation for sexual assault and harassment and denying the Plaintiff a decontamination shower after using three (3) big cans of chemical agents and allowing officers to water board the Plaintiff whom was wearing a tight spit shield and could not breathe while cuffed and shackled constituted a violation of the Plaintiff's rights under the Eighth Amendment to the United States Constitution as well as having the Plaintiff's entire personal clothing cut off leaving him naked for all male, female and the inmate population on the wing to view Plaintiff as well as to be exposed on video camera which is a major violation especially after having personal knowledge of the Plaintiff being a registered transgender at the time violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution.

4. The physical abuse of the Plaintiff by the Defendants McDonald, Finney, Manning, Fortesecue and Duckwiler whether or not they participated or failed to intervene violated Plaintiff's rights under the eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

5. Defendant Jason Howell's actions in failing to provide adequate medical care for the Plaintiff and refusing to advise security to remove the spit shield in order to provide a thorough and proper post use of force assessment and log all serious injuries as have the Plaintiff taken to medical for privacy which is procedure violated the Plaintiff's rights and continue to violate the Plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering Defendant's Camacho, Ratliff, McDonald, Boone, Finney, Manning, Fortesecue and Duckwiler or their agents to:

1. Immediately arrange for the Plaintiff to be given an Interstate Compact Transfer to the State of California or New Jersey where the Plaintiff has family and will be out of future harm and retaliation for filing lawsuits against the Florida Department of Correctional officers which is an occurring issue with the Plaintiff.

C. Issue a permanent restraining order against all Defendants in order to alleviate any further physical abuse and retaliation against the Plaintiff for reporting officers assault and abuse on prisoners against them as follows:

1. All the Defendants including medical staff member Jason Howell, William Boone, Finney, J. Camacho, R. Ratliff, A. McDonald, J. Manning, ~~T. Manning,~~ T. Fortesecue, D. Duckwiler.

D.      Award compensatory damages in the following amounts:

1. $100,000.00 jointly and severally against Defendants McDonald, Finney, Manning, Fortesecue and Duckwiler for the physical and emotional injuries sustained as a result of the Plaintiff's beating and torture.

16

2. $200,000.00 jointly and severally against Defendants Camacho and Ratliff for the direct reason why physical and emotional injuries sustained as a result to Plaintiff's beating for prior threats of harm, failure to act in preventing the risk of harm, deprivation of a decontamination shower, failure to do their duties and report (P.R.E.A. Prison Reform Elimination Act) allegations and depriving Plaintiff of his rights to be free from inhumane treatment by torture.

3. $50,000.00 jointly and severally against Defendants Boone and Finney for physical and emotional injuries and inhumane sexual assault, racial discrimination, gender discrimination and sexual harassment resulting from their lewd and lascivious acts done to Plaintiff.

4. $100,000.00 against Defendant J. Howell for the physical and emotional injuries sustained as a result from failure to provide adequate medical care and duty to the Plaintiff.

E. Award punitive damages in the following amounts:

1. $30,000.00 each against Defendants Boone, McDonald, Manning, Fortesecue and Duckwiler.

2. $50,000.00 each against Defendants Camacho, Ratliff and Finney.

3. $75,000.00 against Defendant Howell.

F. Grant such other relief as it may appear that Plaintiff is entitled.

VII.    EXHAUSTION OF ADMINISTARTIVE REMEDIES
A. The Plaintiff has exhausted all administrative remedies that are relevant to the above case and has his "Emergency & Sensitive Grievance" [approved] by the secretary for the Department of Corrections.

VIII.    PRIOR LITIGATION
A. Have you had any case in Federal Court, including Federal Appellate court dismissed as frivolous, malicious for failure to state a claim, or prior service?
☒ NO
    B.    Have you filed other lawsuits or appeals in state or federal court dealing with the same fact or issues involved in this case?

17

☒ YES

If "yes" identify the case number, parties, date filed, result, name of judge and court for each case:

Case #: Unknown    Parties: Jason Baez v. City of New York
Court: Unknown                    Judge: Unknown
Date filed: 2000's?              Dismissal Date: 2006
Reason: Settled.

1. Case #: 3:11-cv-00418-TJC-JK    Parties: Jason Baez v. Aaron Nace Et., Al.
Court: U. S. Middle Dist.              Judge: Unknown
Date filed: May 2, 2011              Dismissal Date: July 23, 2012
Reason: Settled.

2. Case #: 3:15-cv-01108-BJD-PDB   Parties: Jason Baez v. Richter Et., Al.
Court: U. S. Middle Dist.              Judge: Unknown
Date filed: Sept. 11, 2015            Dismissal Date: July 07, 2017
Reason: Settled.

3. Case #: 3:11-cv-00418-TJC-JK    Parties: Jason Baez v. Walsingham Et., Al.
Court: U. S. North. Dist.              Judge: Unknown
Date filed: Dec. 13, 2019            Dismissal Date: June 26, 2020.
Reason: Settled.

C.    Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?

☒ YES

If "yes" identify all lawsuits, petitions and appeals.

4.    Case #: Unknown    Parties: Jason Baez v. City of New York
Court: Unknown                    Judge: Unknown
Date filed: 2000's?              Dismissal Date: 2006
Reason: Settled.

5. Case #: 3:11-cv-00418-TJC-JK    Parties: Jason Baez v. Aaron Nace Et., Al.
Court: U. S. Middle Dist.              Judge: Unknown
Date filed: May 2, 2011              Dismissal Date: July 23, 2012
Reason: Settled.

6. Case #: 3:15-cv-01108-BJD-PDB   Parties: Jason Baez v. Richter Et., Al.
Court: U. S. Middle Dist.              Judge: Unknown
Date filed: Sept. 11, 2015            Dismissal Date: July 07, 2017
Reason: Settled.

7. Case #: 3:11-cv-00418-TJC-JK    Parties: Jason Baez v. Daniels Et., Al.
   Court: U. S. North. Dist.                Judge: Unknown
   Date filed: Dec. 13, 2019            Dismissal Date: June 26, 2020.
   Reason: Settled.

IX.       CERTIFICATION

1. I declare, under penalty of perjury, that all the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information and belief, this complaint:

(1)      Is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3.       I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: _October___, 16th, 2025  Plaintiff's signature: _Jason Baez____
Printed name of Plaintiff: __Jason  Baez____
Correctional Institution: ____Wakulla____
Address: _____110 Mdaleuca Drive____
_____Crawfordville, FL 32327____

I certify and declare, under penalty of perjury, that this complaint was delivered to prison officials for mailing on the 16th day of _October____, 2025.

Signature of Incarcerated Plaintiff: ___Jason Baez_____

AMANDA GIBSON
Notary Public
State of Florida
Comm# HH604084
Expires 10/17/2028

Physical Presence Produced
State of Fla Dept of Corrections
State ID # U69800

19